UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INS. CO., as successor by merger to HARLEYSVILLE MUT. INS. CO., as successor to PENN MUTUAL INS. CO., | : | Hon. Joseph H. Rodriguez |
| | : | Civil Action No. 14-5330 |
| Plaintiff, | : | MEMORANDUM OPINION & ORDER |
| v. | | |
| PAUL CARIS, OLIVIA CARIS, JEFFREY R. ULAK, and MICHELLE L. ULAK, | : | |
| Defendants. | : | |

This matter is before the Court on motion of Defendants Paul and Olivia Caris individually and as the limited representative of Defendant Jeffrey Ulak to dismiss the Complaint for lack of subject matter jurisdiction and to dismiss Plaintiffs' claim for fees and costs in Count II for failure to state a claim [Doc. 5]. The Court has considered the submissions of the parties and heard oral argument on the motion on May 12, 2015. For the reasons expressed on the record, and those set forth below, Defendants' motion will be denied in part and granted in part.

BACKGROUND

On August 25, 2014, Plaintiff Nationwide Mutual Insurance Company filed this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not owe any indemnification obligation to the Defendants in connection with environmental remediation of property located at 47 Manhasset Trail, Medford Lakes, New Jersey (the "Property"). A State court action filed in the Superior Court of New Jersey, Law Division, Burlington County, captioned <u>Caris v. Triassic Technology, Inc.</u>, Docket No. L-1253-12, claimed that the sellers of the Property, Defendants Jeffrey and Michelle Ulak,

along with other defendants, fraudulently submitted closure paperwork to the New Jersey Department of Environment Protection ("NJDEP"), which allegedly caused damages to the Property buyers, Paul and Olivia Caris.  Compl., Ex. A; Giansante Cert., Ex. B.

It appears from the State court action that the Carises purchased the Property at issue from the Ulaks on August 14, 2008.  Prior to this transaction, on December 21, 2007, an underground storage tank was removed from the Property.  The contractor on site observed holes in the tank, suspected release therefrom, and reported the suspected release to the NJDEP.  The Ulaks then reported the suspected release to their insurance carrier, Farmers Insurance Company, which retained a consulting engineering firm to investigate.  An April 23, 2008 report back to Farmers indicated that neither the soil nor the groundwater contained contaminants above allowable standards.  At the same time, the sellers were going through a divorce and their realtor allegedly represented to the buyers that they may be able to procure the property for well below asking price.

On the heels of the consulting firm's report to the NJDEP, on August 11, 2008, the NJDEP issued a No Further Action Letter regarding the Property.  On July 9, 2009, however, the NJDEP notified the buyers that the No Further Action Letter issued on their Property had been rescinded due to falsified documents.  The underlying State court action followed alleging fraud, misrepresentation, intentional infliction of emotional distress, and breach of contract, among other claims.

It appears from the Complaint in this matter that Farmers issued policies to the Ulaks from July 31, 2003 to July 31, 2008.  Compl. ¶ 14.  In January 2014, Caris agreed to a settlement in principle with the State court defendants.  Compl. ¶ 16.  Those defendants agreed to fund the environmental remediation of the Property for a total of

$60,000 and if the NJDEP required further remedial response costs, they would fund such costs based on set percentage shares.  Id.  On the record memorializing the settlement, the State court indicated that the matter was settled as to the Ulaks only as to their liability during the years they were insured by Farmers, not the years prior when insured by Penn Mutual.  Compl. ¶ 16-18.

The Ulaks had obtained homeowners' insurance on their Property from Penn Mutual Insurance Company, policy no. HO 0169735, for annual policy periods from July 31, 1997 to July 31, 2003, with annual liability limits of $300,000 per occurrence. Compl. ¶ 8; Giansante Aff., Ex. C-H.  On November 22, 2002, Harleysville Mutual Insurance Company entered into an agreement with Penn Mutual whereby Harleysville Mutual agreed to acquire and succeed in interest to all of the liabilities under certain insurance policies issued by Penn Mutual (including the Penn Mutual policies held by the Ulaks).  Galloway Cert. ¶4, Ex. B; Giansante Aff., Ex. I.  Pursuant to this transaction, Penn Mutual was legally dissolved effective January 24, 2005.  Galloway Cert. ¶4, Ex. C. As a result, Harleysville Mutual became the successor to Penn Mutual, the former insurer of the Ulaks.  Compl. ¶2; Galloway Cert. ¶4.  On May 1, 2012, Nationwide then merged with and into Harleysville Mutual, with Nationwide the sole surviving entity. Galloway Cert., ¶¶ 2, 3, Ex. A.  That is, Harleysville Mutual ceased to exist as a legal entity as of May 1, 2012.  Galloway Cert. ¶ 3.

On March 6, 2014, Nationwide first appeared in the State court action to oppose Caris's motion for default judgment against Ulak.  Compl. ¶ 30.  By Order dated May 23, 2014, the State court set the date for a proof hearing – July 14, 2014.  Compl. ¶ 31.  On June 25, 2014, Nationwide filed a motion to intervene in the State court action to protect its rights at the proof hearing, which motion was denied.  Compl. ¶ 32;

Giansante Cert., Ex. O.  Prior to the proof hearing, Caris's counsel advised the State court and Nationwide's counsel that Caris had reached a settlement in principle with Ulak for the years he was insured by Penn Mutual; Ulak agreed to a consent judgment for over $350,000 and an assignment of rights against Nationwide.  Compl. ¶ 33; Giansante Cert., Ex. A.

Nationwide alleges two causes of action in its Complaint here: 1) that there is no coverage under the Penn Mutual policies for the claims alleged in the State court action or in the Consent Judgment because the claims at issue do not fall within the terms, conditions and exclusions of the Ulak policies; and 2) that the $389,498.16 Consent Judgment that the Carises obtained against Ulak is unenforceable as against Nationwide because it is unreasonable and was entered into collusively and in bad faith.  Compl. at pp. 7-8.

<u>Analysis</u>

Under Fed. R. Civ. P. 12(b)(1), a respondent may seek dismissal of an action because the court lacks subject matter jurisdiction.  <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  Rule 12(b)(1) motions may be facial or factual in nature.  "In a facial attack, a defendant argues that the plaintiff did not properly plead jurisdiction, . . . [whereas] a 'factual' attack asserts that jurisdiction is lacking on the basis of facts outside of the pleadings."  <u>Smolow v. Hafer</u>, 353 F.Supp.2d 561, 566 (E.D.Pa.2005) (citing <u>Mortensen</u>, 549 F.2d at 891).  Facial attacks are similar to motions brought under Rule 12(b)(6): they are afforded the presumption that the allegations in the complaint are true.  <u>Id.</u>  District courts are only permitted to consider allegations in the complaint, exhibits attached to the complaint, and matters of public record in

4

deciding the motions.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Factual challenges, however, operate differently.  They are not afforded the same presumption as facial challenges.  Mortensen, 549 F.2d at 891.  Because a factual 12(b)(1) motion challenges the trial court's jurisdiction, the trial court has the authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id.  "[I]n a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction."  Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted).  See also Cestonaro v. United States, 211 F.3d 749, 752 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891) ("Because the government's challenge to the District Court's jurisdiction was a factual one under Fed. R. Civ. P. 12(b)(1), we are not confined to the allegations in the complaint (nor was the District Court) and can look beyond the pleadings to decide factual matters relating to jurisdiction.").

The plaintiff has the burden of proof that the district court has jurisdiction over the case.  Dev. Fin. Corp. v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. In such cases, the District Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.  If the Court finds that it lacks subject-matter jurisdiction over a matter, pursuant Fed. R. Civ. P. 12(h)(3) it must dismiss the action.  Citizenship of the parties is based on the relevant facts at the time the complaint is filed.  Washington v. Hovensa LLC, 652 F.3d 340 (3d Cir. 2011).

In this case, diversity of citizenship was pled as the basis for federal jurisdiction, but moving Defendants seek dismissal of the case arguing that because Penn Mutual was a Pennsylvania citizen and Ms. Ulak is a Pennsylvania citizen, there is not complete diversity.

Nationwide is an Ohio mutual insurance company and is owned entirely by its policyholders.  Therefore, none of its stock is owned publicly.  Schaberg Cert., Ex. B. Nationwide is a corporation organized under the laws of Ohio, with its principal place of business in Columbus, Ohio.  Compl. ¶2; Galloway Cert., ¶ 2, 3, Ex. A.  As such, it is a citizen of Ohio.  In August 2014, when this action was filed, Nationwide, as successor by merger to Harleysville Mutual, was the only legal entity with an interest in the Penn Mutual policies at issue in the litigation.  Galloway Cert., ¶¶4, 6.  Because Penn Mutual had ceased to exist at the time the Complaint was filed, its former citizenship is irrelevant to determining subject matter jurisdiction.

In their Reply brief, Defendants shift their argument to contend that Nationwide does not have standing to have brought this case because it is not listed on the New

Jersey Insurance Commissioner's internet homepage as a licensed New Jersey
homeowners insurance policy provider.  Rather, Nationwide should have allowed its
subsidiary, Harleysville of New Jersey, Inc. to bring these claims, which would destroy
diversity because of the citizenship of the Carises.

 This matter will not be dismissed for lack of subject-matter jurisdiction.

 Next, Defendants argue that in Count II Nationwide seeks counsel fees and costs
of suit against the Carises, but no claim entitles Nationwide to such relief, as the Carises
are judgment creditors of Ulak and claimants against the policy proceeds of Ulak's
coverage.  See Giansante Aff., Ex. A.  Nationwide cites to the New Jersey Rules of Court,
which provide:  "No fee for legal services shall be allowed in the taxed costs or otherwise,
except . . . [i]n an action upon a liability or indemnity policy of insurance, in favor of a
successful claimant."  R. 4:42-9(a)(6).

 "The policy underlying Rule 4:42−9(a)(6) is to discourage groundless disclaimers
and to provide more equitably to an insured the benefits of the insurance contract
without the necessity of obtaining a judicial determination that the insured, in fact, is
entitled to such protection."  Sears Mortgage Corp. v. Rose, 634 A.2d 74, 88 (N.J. 1993)
(internal citations and quotations omitted).  "The theory is that one covered by a policy
is entitled to the full protection provided by the coverage, and that benefit should not be
diluted by the insured's need to pay counsel fees in order to secure its rights under the
policy."  Liberty Village Assocs. v. West American Ins. Co., 706 A.2d 206, 212 (N.J.
Super Ct. App. Div. 1998).

 Allowing Nationwide to seek counsel fees here would run counter to this policy.
Indeed, "even if an insurer files a declaratory judgment action in good faith to contest its
obligation to cover a claim, it must pay the insured's legal fees if it loses. Otherwise, the

insured will be deprived of 'the benefits of the insurance contract.'" <u>Myron Corp. v. Atlantic Mut. Ins. Corp.</u>, 970 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 2009) (quoting <u>Sears Mortgage</u>, 634 A.2d at 88.

Nationwide's reliance upon <u>Tooker v. Hartford Accident & Indem. Co.</u>, 347 A.2d 371 (N.J. Super Ct. App. Div. 1975) for the proposition that it can be a successful "claimant" under the court rule is misplaced.  Although that case involved a declaratory judgment action as to the availability of coverage under an insurance policy, the carrier there successfully prosecuted a coverage action *on behalf of* its insured, not *against* its own insured.  <u>See id.</u> at 373 ("We are entirely satisfied that the rule applies to all successful claimants, including an excess or secondary carrier which successfully prosecutes a coverage action against the primary carrier when the latter has wrongfully refused to defend its assured.").

Accordingly, the claim for attorneys' fees and costs in Count II of Nationwide's Complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

<u>Conclusion</u>

For these reasons, as well as those expressed on the record during oral argument,

IT IS ORDERED on this _____19th_____ day of May, 2015 that insofar as Defendants' motion seeks to dismiss the Complaint for lack of subject matter jurisdiction, it is hereby <u>DENIED</u>.

IT IS FURTHER ORDERED that insofar as Defendants' motion seeks to dismiss Plaintiffs' claim for fees and costs in Count II for failure to state a claim, it is <u>GRANTED</u>.

JOSEPH H. RODRIGUEZ
U.S.D.J.